CHARLES WEHLE et al., Executors of HENRY WEHLE, Deceased, Respondents, *v.* THE UNITED STATES MUTUAL ACCIDENT ASSOCIATION of the City of New York, and HENRY WINTHROP GRAY, Receiver, etc., Appellants.

1. ACCIDENT LIFE INSURANCE — EXTERNAL VIOLENCE — DROWNING. A death caused by the action of water, such as the drowning of a bather, is a death from external violence, within the meaning of a policy insuring against death from personal bodily injuries, through external, violent and accidental means.

2. PROVISION IN POLICY FOR EXAMINATION OF BODY — EXERCISE OF RIGHT WITHIN REASONABLE TIME. When a contract of accident insurance provides that the insurer shall be permitted to examine the body of the insured in respect to any alleged cause of death, when and so often as its medical adviser may require, without specifying any time within which permission to examine may be availed of, the option to examine must be exercised, in the absence of circumstances excusing delay, as soon as possible after receipt of notice of death; and the insurer is not at liberty to wait indefinitely or for any unreasonable length of time.

3. RIGHT OF EXAMINATION OF BODY, ON REASONABLE BELIEF OF DEATH FROM EXCEPTED CAUSE. *It seems,* that if it should appear that, after interment, circumstances or facts coming to the knowledge of the insurer warranted a reasonable belief that death was occasioned by means or causes excepted from the contract of insurance, a reasonable construction of a provision permitting the insurer to examine the body of the insured when and so often as its medical adviser might require, would authorize the insurer to insist upon an exhumation and dissection of the body.

4. REFUSAL TO PERMIT EXAMINATION OF BODY, AS DEFENSE TO ACTION ON POLICY — UNREASONABLE DELAY IN DEMANDING EXAMINATION. Where, on the death of the insured under a contract which provided that the insurer should be permitted to examine the body of the insured when and so often as its medical adviser might require, immediate notice of death was given, followed by an interval of five days before interment, without any demand by the insurer to examine the body

until ten days after its interment, and nothing appeared showing that the insurer had reason to believe in the existence of any excepted cause of death, *held,* that the provision permitting an examination of the body should have been availed of immediately upon receipt of notice of death, and that the delay in the demand for an examination was, as matter of law, so unreasonable, in the absence of any facts or circumstances excusing it, as to deprive the insurer, when sued upon the policy, of any defense based upon a refusal of its demand to examine the body.

   *Wehle* v. *U. S. Mut. Accident Assn.,* 11 Misc. Rep. 36, affirmed.

   (Argued May 6, 1897; decided May 14, 1897.)

   APPEAL from an order of the General Term of the Superior Court of the city of New York, entered January 7, 1895, which set aside a verdict in favor of defendant directed by the court, and granted a new trial on exceptions ordered to be heard in the first instance at General Term.

   Henry Wehle, in May, 1892, received a policy of insurance from the defendant which insured him against death resulting from personal bodily injuries, through external, violent and accidental means, in the sum of $10,000, payable to his legal representatives.   The conditions annexed to the certificate of insurance, after defining the cases to which the contract of insurance should not extend, provided for immediate notice to be given of any accidental injury for which claim might be made and for proof of death, resulting from bodily injuries covered by the contract, within six months.   They also provided as follows : " Any medical adviser of the Association shall be permitted to examine the person or body of the insured in respect to any alleged injury or cause of death, when and so often as he requires, on behalf of the Association, and, in case of any post-mortem examination by or on the part of the insured's representatives or beneficiaries, the Association shall be given opportunity to attend and participate."   They contained, also, the further provision, that a strict compliance therewith was a condition precedent to the enforcement of the contract.   In the application for membership in the defendant association, the deceased agreed " to accept certificate of membership subject to all its conditions and provisions."   On September 4, 1893, the deceased went

to Far Rockaway and, between three and four o'clock in the afternoon, hired a bathing house and went into the water dressed in a bathing suit. Sometime thereafter, upon the same afternoon, a body was discovered floating at some distance out, and upon its being brought in and upon the beach, it was found to be the dead body of Henry Wehle, the plaintiffs' testator. The testimony of witnesses was to the effect that, when the body was laid upon the beach, the water flowed copiously from his mouth. An inquest was held; but there was no autopsy, as the brothers of the deceased did not think it necessary. The coroner finished his investigation on September 9th, when the body was interred. On September 26th following the proofs of death were served upon the defendant, and payment of the amount claimed having been refused, this action was commenced by the executors of the deceased.

It was alleged in the complaint, among other things, that immediate notice of the death was given in writing to the secretary of the defendant, and the answer expressly admitted that allegation. The defenses interposed to the action were, that the death had been caused by disease, and was, therefore, within the exceptions of the policy, and that a condition precedent had not been complied with, in that an examination of the body of the deceased had been refused. Upon the trial, after the plaintiffs had rested their case upon evidence to sustain the allegations of their complaint, the defendant proved that on September 19th, following the death, a demand in writing had been made by its medical adviser for permission to examine the body of the deceased to ascertain the cause of his death, which was addressed " to the legal representatives of the estate of Henry Wehle, deceased." Defendant also gave in evidence the subsequent correspondence between its medical adviser and the executors of the deceased, from which it appears that one of the executors replied to the medical adviser, after testamentary letters had been issued, that they were not required by law either to grant or refuse the permission asked for, and that, thereupon, the defendant, assuming that reply to constitute a refusal to permit the examination,

asserted that the policy was forfeited. Following that asser-
tion came a written demand for the money, with a threat of
suit unless complied with. No other evidence was adduced
in behalf of the defendant, and it was admitted upon the
record for the defendant that it rested its case upon "the real
cause of death." It was admitted that, at the time the demand
in writing for permission to examine the body was presented
to one of the plaintiffs, Charles Wehle, a brother of the
deceased and one of his executors, the statement was made
that a disinterment and an autopsy would be necessary in order
to determine the cause of death. The trial judge refused to
submit the case to the jury, and directed a verdict to be found
for the defendant, to which direction the plaintiffs duly
excepted. The exceptions were heard in the first instance at
the General Term of the Superior Court of New York, where
the trial was had, and they were sustained; the verdict was
set aside and a new trial was granted. The reversal was stated
in the order to be upon questions of law. From the order of
the General Term the defendant has appealed to this court,
giving the usual stipulation for judgment absolute in case of
affirmance. A receiver having been appointed of the defend-
ant since the General Term order, the appeal in this court was
directed by an order of the Superior Court to be continued
by such receiver until final judgment.

*David Murray* for appellants. The policy in question was
not a life insurance policy, and only insured against death
caused solely by accidental injuries. The cause of death was
equally important with the death itself to establish the com-
pany's liability. ( *Whitehouse* v. *T. Ins. Co.*, 7 Ins. L. J. 26 ;
*Claflin* v. *C. Ins. Co.*, 110 U. S. 81 ; *Gross* v. *St. P. Fire &
Marine Ins. Co.*, 14 Ins. L. J. 158 ; *State Ins. Co.* v. *Machen*,
9 Vroom, 564 ; *Wyeth* v. *Germania Ins. Co.*, 1 Dillon, 441.)
The demand for an examination was a reasonable one. While
the company has the right to determine in what cases they will
require examinations, from the very nature of the contract
such an examination must be in contemplation of the parties

as will enable the company to determine for itself the cause of death. ( *Whitehouse* v. *T. Ins. Co.*, 7 Ins. L. J. 26 ; *Ballantine* v. *E. Ins. Co.*, 31 Scottish L. R. 230.) The evident purpose of the parties to this contract was to provide a method of determining by examination by persons skilled in medical science of the exact cause of death when a claim should be made under the policy. The compliance with this condition was made by the contract a condition precedent to its enforcement. (Ostrander on Fire Ins. [2d ed.] §§ 170, 171, 172, 173, 174, 177 ; *Claflin* v. *C. Ins. Co.*, 110 U. S. 81 ; *Gross* v. *St. P. F. & M. Ins. Co.*, 14 Ins. L. J. 158 ; *Harris* v. *Ins. Co.*, 35 Conn. 310 ; *Sleeper* v. *Ins. Co.*, 56 N. H. 401 ; *Wall* v. *Ins. Co.*, 51 Me. 32 ; *Boner* v. *Ins. Co.*, 13 Wis. 677 ; *Grigsby* v. *Ins. Co.*, 40 Mo. 276 ; *Esseman* v. *Ins. Co.*, 74 Iowa, 11 ; *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410 ; *O'Brien* v. *C. F. Ins. Co.*, 63 N. Y. 108 ; *Jones* v. *H. Ins. Co.*, 117 N. Y. 103.)

*Charles Wehle* and *Nathaniel Myers* for respondents. The clause in the policy to the effect that the company " shall be permitted to examine," etc., did not require the performance of any affirmative act on the part of the executors. ( *Whitehouse* v. *T. Ins. Co.*, 7 Ins. L. J. 23.) The right to examine the body of the deceased with respect to the alleged cause of death gave the company no right to exhume and dissect the body. ( *Whitehouse* v. *T. Ins. Co.*, 7 Ins. L. J. 23 ; *Trippe* v. *P. F. Assn.*, 3 Misc. Rep. 445–447 ; *Kratzenstein* v. *W. Assurance Co.*, 116 N. Y. 54 ; *Allen* v. *S. L. Ins. Co.*, 85 N. Y. 473 ; *Herrman* v. *M. Ins. Co.*, 81 N. Y. 184 ; *Dilleber* v. *H. L. Ins. Co.*, 69 N. Y. 256–263 ; *Hoffman* v. *Æ. F. Ins. Co.*, 32 N. Y. 405.) The learned trial judge erred in refusing to allow plaintiffs to go to the jury on the question of the good faith of the company's demand for a dissection, and plaintiff's exception to that ruling was well taken. ( *Uhrig* v. *W. C. F. Ins. Co.*, 101 N. Y. 362 ; *Ballantine* v. *E. Ins. Co.*, 31 Scottish L. R. 230.) The learned trial judge erred in excluding evidence showing that plaintiffs had no control of the grave ; hence, plaintiff's exception to the ruling

should be sustained. (*Weld* v. *Walker*, 130 Mass. 422; *Meagher* v. *Drisco*, 99 Mass. 281; *Com.* v. *Cooley*, 10 Pick. 37; *Wyncoop* v. *Wyncoop*, 42 Penn. St. 293; *Pierce* v. *S. Q. Cemetery*, 10 R. I. 227; *State* v. *Wilson*, 94 N. C. 1015; *State* v. *McClure*, 4 Blackf. [Ind.] 328; *McNamee* v. *People*, 31 Mich. 472; *Kanevan's Case*, 1 Me. 226; *Reg.* v. *Sharpe*, D. & B. 160; 7 Cox C. C. 214; *Ehlen* v. *Ehlen*, 18 C. L. M. 208.) The learned trial judge erred in not giving the clause in question a liberal construction in favor of the plaintiffs' testator, inasmuch as the said clause contained a condition subsequent, and the policy of insurance contained a provision entailing a forfeiture in case of non-performance. (*Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; *Rann* v. *H. Ins. Co.*, 59 N. Y. 387; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Trippe* v. *P. F. Society*, 140 N. Y. 26.)

*Per Curiam.* It is our judgment that the order of the General Term was correct, in ordering the verdict directed by the trial court to be set aside, and that a new trial should be had. The decision of the case at the trial turned upon the one question, whether the plaintiffs had shown themselves entitled to recover the amount of the insurance claimed, by reason of the death of their testator within the operation of the policy, which provided for a liability in the event of death resulting from personal bodily injuries, through external, violent and accidental means. The plaintiffs were entitled to have the jury say whether the deceased died from the action of the water; in which case, as that would be a death from external violence within the meaning of the policy, they would be entitled to a verdict. (112 N. Y. 472; 6 Hurls. & Norm. 845.) One of the issues raised by the pleadings was as to the cause of the death, and upon that question the jury should have been permitted to pass. The view of the trial judge, however, was, that an express provision of the insurance contract had not been complied with by the plaintiffs. That provision was the one which permitted the medical adviser of the defendant to examine the person or body of

16

the insured, in respect to any alleged injury or cause of death. As there was no post-mortem examination on the part of the representatives of the insured, the balance of that provision need not be considered. The provision as to the examination of the person or body of the insured was not only expressly assented to by the insured, when he made application for the insurance, and, therefore, should be given effect as his express agreement, but it was a reasonable provision and quite necessary in accident insurance, as affording a protection against fraud. Its meaning is that, in case of an injury, or of a death, the defendant shall be authorized, through its medical adviser, to make an examination, either of the person with respect to the alleged injury, or of the body, to ascertain the cause of the death, as the case might be. It was the agreement between the insurer and the insured that there should be a strict compliance with the provisions and conditions of the policy, and, accordingly, the plaintiffs did give the immediate notice, which was one of the conditions, and that fact was not only admitted by the answer, but, being stated in open court and with the president of the defendant upon the witness stand, received no contradiction. The effect of the giving of immediate notice was to impose upon the defendant the obligation immediately to make such investigation of the occurrence, as to enable it to decide whether to insist upon its right to an examination of the body in order to satisfy itself as to the cause of the death. It was not at liberty to wait indefinitely, or for any unreasonable length of time. The provision, though not, as before observed, of an unreasonable nature, nevertheless was one which, in the nature of things, called for prompt action on the part of the insurer. Although no time is specified within which the permission to examine may be availed of, still, a due regard for the sentiments of the family and friends of the deceased, if not public policy, required as immediate an exercise of the option to examine as was possible. Conditions in insurance policies, as in all other contracts, should be construed strictly against those for whose benefit they were reserved. (*Paul* v.

*Travelers' Ins. Co.*, 112 N. Y. 472.) It was an unreasonable delay on the part of the insurer to wait until after the body of the deceased had been interred, and nothing appears in the evidence to show any excuse for it, if it was deemed that an examination of the body was necessary. From September 4th until September 9th an opportunity was afforded for an examination of the body, and, in the absence of evidence to the contrary, we must assume that the immediate notice conceded to have been given of the death left an ample margin of time for such an examination. We do not think that there was any ambiguity with respect to the permission to examine the person or body of the insured, and if it should appear in any case that at some subsequent date, after the interment of the body, circumstances or facts coming to the knowledge of the insurer warranted a reasonable belief that death was occasioned by means or causes excepted from the contract of insurance, a reasonable construction of this provision would authorize the insurer to insist upon an exhumation of the body and upon a dissection of it. But in this case there was nothing in the evidence to show that the defendant had reason to believe in the existence of any excepted cause of death. In fact, the proofs of an accidental death from drowning were such that a verdict to the contrary could not be said to have been justified.

We hold, in this case, that the provision authorizing an examination of the body of the insured should have been availed of immediately upon the receipt of the notice of the death, which was conceded to have been immediately given, and that the delay in the demand for an examination of the body was, as matter of law, so unreasonable, in the absence of any facts or circumstances excusing it, as to deprive the defendant of any defense to the action upon that ground.

Inasmuch as it does not appear that an examination of the body was denied to the association, it is immaterial to consider the question as to whether the demand for it was made upon the proper person. The permission was, in fact, given by the insured himself through the insurance contract, and, if it had been attempted to be availed of, with the result of an oppo-

sition on the part of those having a legal right to make it, the question would then be open for consideration, whether it was such as to have brought about a forfeiture of the policy.

For these reasons, the order of the General Term appealed from should be affirmed and judgment absolute should be ordered in favor of the plaintiffs and against the defendant corporation and its receiver, with costs.

All concur, except VANN, J., not sitting.

Order affirmed and judgment accordingly.