## SUDDUTH v. TRAVELERS' INS. CO.

(Circuit Court, D. Kentucky. March 11, 1901.)

INSURANCE—ACCIDENT POLICY—DEMAND TO DISSECT BODY—DEMURRER.

In an action on an accident policy, which provided that any medical adviser of the company should be allowed to examine the person or body of the assured as often as he required in respect to the alleged injury or cause of death, the defendant answered that it had demanded the privilege of examining the body of the insured, and plaintiff had refused to allow the same. Plaintiff replied that the demand made was for her consent that the defendant might examine and dissect the body of the insured. *Held*, that a demurrer to the reply should be overruled, since the word "examine," as used in a policy which insured against external accidental injuries only, would not ordinarily be understood to include dissection or an autopsy, and the language should be construed most strongly against the company.

On Demurrer to Reply. Overruled.

Leopold & Pennebaker and Helm, Bruce & Helm, for plaintiff.
Pirtle & Trabue, for defendant.

EVANS, District Judge. This action was brought by the widow of W. A. Sudduth, deceased, to recover upon two policies issued by the defendant, whereby it agreed to insure the deceased in the sum of $20,000 against loss "through external, violent, and accidental means." By its answer the defendant seeks to avoid a recovery upon the ground, stated generally, that it was not bound to pay the insurance, because the plaintiff had broken one of the essential conditions upon which it was made to depend by the express terms of the contracts. It is stated that each policy provided in the eighth clause or condition thereof "that any medical adviser of the company shall be allowed, as often as he requires, to examine the person or body of the assured in respect to the alleged injury or cause of death." It is also averred in the answer, in substance, that the defendant had no notice or knowledge of the death of the insured until after his burial, and that within a few days after the interment of the body of the insured the defendant demanded of the plaintiff, and of the executor of the de-

ceased, the privilege and opportunity of exhuming and examining the body, but that this demand was refused; and it is claimed that the defendant had the right to the opportunity to make such examination as was demanded, and that by refusing to permit it the plaintiff broke the condition of the contracts, and defeated her right to recover upon the policies. In the second paragraph of the plaintiff's reply to the defendant's answer it is averred that the demand made upon the plaintiff was for her consent that the defendant might exhume and "dissect" the body of the insured; in short, that the claim then made by the defendant was that it had the right to have an exhumation and "autopsy" of the body after it had been buried. To this reply the defendant has demurred, and the only question to be determined is this: Did the defendant, upon the facts stated in the reply and under the eighth clause of the policies, have the right which it is there stated to have claimed? The answer to this question must depend upon the meaning of the eighth clause of the policies, the language of which has just been stated. The able and elaborate arguments of counsel have failed to develop very much direct authority upon either side of the contention, though several cases have been referred to, which, in a general way, have a more or less direct bearing upon it. One or two propositions, however, may be regarded as established: First. The language of conditions in policies of insurance must be construed most strongly against the insurance companies, because it is to be regarded as much more the language of such companies than that of the insured. Second. The language of such contracts must be construed according to its ordinary and generally accepted meaning, and should not be given any expanded signification not fairly to be supposed to have been equally within the contemplation of both parties when contracting, and as expressing their mutual intentions at that time. These general propositions being established, it seems to the court, in carefully looking at the language of this condition, that the ordinary and natural meaning of the words used in clause 8 in the policies sued upon did not, when fairly construed, bind the plaintiff to yield to the demand of the defendant as that demand is alleged in the reply, viz. a demand to be permitted to exhume and "dissect" the body of the deceased. The court does not think that any ordinary person, in agreeing to the stipulation for an examination of the insured before or after death, would suppose he was agreeing to what would have been much more clearly expressed by the word "autopsy" or by the word "dissect." I do not think that one would ordinarily suppose that the word "examine," as applied to the human body, either living or dead, would, ex vi termini, include, or by an insured, at least, would be supposed to include, the idea of cutting it up. The word "examine" may not definitely express the same idea to every person who sees it or who uses it, but it is quite clear to me that it does not, in the clause of the contract we are considering, include the idea either of an "autopsy" or of a "dissection," if there is any essential difference between those two words in this connection. "Autopsy" is defined to be an examination of a dead body by dissection. "Dissection" is the cutting apart of a dead body, or the cutting of it

into pieces. Can it reasonably be supposed that it was in the contemplation of both of the parties to these contracts at the time they were made that the meaning of the word "examine" in its context was to be so expanded as to include either the idea of an autopsy or the idea of a dissection? While an autopsy, speaking generally, always includes an examination, can it be said that an examination always includes an autopsy; or can it be fairly held that the simple word "examine," as used in the policies sued on, would be accurately defined in the same words as those used to define either "autopsy" or "dissection," when endeavoring to arrive at the mutual agreement of the parties at the time they were contracting? It seems to me not; particularly when construing policies for insurance against death from external causes only, and which ordinarily would only involve or require external inspection. If the company desired or expected the insured to agree to a condition such as either of these words would have clearly indicated, there is no obvious reason why it should not have been expressed in plain terms. If there is a fair doubt as to the meaning of the words used in a policy, it should be solved in favor of the insured, because there appears to have been no reason why the plainest words could not have been employed by the company in framing the condition. It may be that the right to dissect a body, even after burial, is or would be an important right to the company; but that would make it all the more necessary for it to express it in language in no way ambiguous or doubtful, or which, in order to effect the company's purpose, would have to be extended beyond its ordinary import. Valuable light is thrown upon the question by cases like Insurance Co. v. Taylor, 56 S. W. 668; First Nat. Bank v. Hartford Fire Ins. Co., 95 U. S. 675, 24 L. Ed. 563; McMaster v. Insurance Co. (C. C.) 90 Fed. 45; Insurance Co. v. Kearney, 36 C. C. A. 265, 94 Fed. 314; Wehle v. Association, 153 N. Y. 116, 47 N. E. 35; Id. (Sup.) 31 N. Y. Supp. 865; Insurance Co. v. Barr, 16 C. C. A. 51, 68 Fed. 873. For these reasons it is the opinion of the court that the demurrer to the second paragraph of the reply, both in its original and in its amended shape, should be overruled.