## HARRIS v. MARYLAND CASUALTY CO.
### No. 6445.

District Court, W. D. Pennsylvania.
Oct. 21, 1931.

Burtt Harris, of Pittsburgh, Pa., for plaintiff.

Rose & Eichenauer, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action on an accident insurance policy, wherein the beneficiary seeks to recover the amount payable on the death of the insured, alleged to have been caused by sunstroke. The trial resulted in a verdict for the plaintiff for the face of the policy.

The defendant has moved for a new trial, urging: (1) That the death from sunstroke suffered while the insured was playing golf—thus voluntarily subjecting himself to the heat of the sun—was not a death caused by external, violent, and accidental means within the terms of the policy; (2) that the court erred in holding that the affirmative proof of death called for by the policy was waived by the conduct of the defendant; (3) that the court erred in holding that the refusal of the beneficiary to permit an autopsy did not void the policy.

The first question was before the court on affidavit of defendant raising questions of law, and we filed an opinion herein on March 12, 1931, holding that a sunstroke suffered while insured was playing golf was within the terms of the policy. We still adhere to that opinion, and beyond that, need add nothing on this branch of the case.

As to the second question, namely, the failure to give affirmative proof of death within two months, we find that the policy contains this provision: "This policy is issued to and accepted by the insured subject to the following provisions and agreements: * * * Written notice as early as may be reasonably possible must be given the company at Baltimore, Maryland, of any accident and injury for which a claim is to be made, with full particulars thereof, and full name and address of the insured. Affirmative proof of death by external, violent, and accidental means * * * must also be fur-

189

nished to the company within two months from the time of death."

In the instant case, the insured died June 5, 1930, and was buried on June 7, 1930. On July 1, 1930, the beneficiary gave written notice to the defendant, by registered mail, of the fact of the death of the insured. On July 7, 1930, the defendant, through its agent, A. W. Cox, demanded an autopsy on the body of the insured. This request was refused. On August 26, 1930, the defendant, among other causes, denied its liability on account of this refusal to permit an autopsy. The technical requirement of the policy that affirmative proof of death by external, violent, and accidental means should be furnished to the company within two months from time of death, would be fatal to plaintiff's right of recovery unless the defendant waived that requirement. We are of the opinion that the demand of the defendant for an autopsy was a waiver of this affirmative proof called for by the terms of the policy, because, in our opinion, it was necessarily implied from this requirement that the company considered itself bound, in case an accident had occurred from which death approximately followed, independently of all other causes. Such was the precise ruling in the case of the Supreme Court of Tennessee in the case of Fisher v. Travelers' Insurance Company, 124 Tenn. 450, 138 S. W. 316, 331, Ann. Cas. 1912D, 1246. In addition to that, we believe that the refusal of the company to recognize its liability under the policy by reason of the failure of the beneficiary to permit an autopsy waived this requirement. It would be perfectly idle to submit affirmative proofs of loss where the defendant company already had acted upon the policy, first, in the taking of affirmative steps to secure an autopsy; and, second, by declining the liability because an autopsy had not been permitted. The Supreme Court of Pennsylvania has made it very plain in a recent case that an insurance company may waive a technical proof of loss. Fedas v. Insurance Co. of Pennsylvania, 300 Pa. 555, 151 A. 285. The same ruling followed in the case of Royal Insurance Company v. Martin, 192 U. S. 149, 162, 24 S. Ct. 247, 48 L. Ed. 385; Knickerbocker Life Insurance Company v. Pendleton, 112 U. S. 696, 710, 5 S. Ct. 314, 28 L. Ed. 866; Iowa Life Insurance Company v. Lewis, 187 U. S. 335, 355, 23 S. Ct. 126, 47 L. Ed. 204.

■ We now come to the third question: Did the refusal of the beneficiary to permit the autopsy, under the circumstances of this case, work a forfeiture of the policy?

The provisions of the policy with reference to the autopsy are as follows:

"This policy is issued to and accepted by the insured subject to the following provisions and agreements: * * *

"Any medical advisor of the company shall be allowed to examine the person or body of the insured as often as he may require in respect to the alleged injury or cause of death; and also have the right and opportunity to make an autopsy in case of death. In case of an autopsy the company shall have due notice and opportunity for its medical examiner to be present and participate therein."

We are of the opinion that under this language, the right to make a post mortem in case of death must be demanded prior to the burial. In the instant case, the insured was buried on the 7th day of June, 1930. Demand for an autopsy was made on the 7th day of July, 1930. If the insurance company desired to have the privilege of examining the body of the insured for the purposes of an autopsy, that right should have been so reserved in the expressed language of the policy. In the absence of such provisions, the courts have held that the demand for an autopsy must be made before the burial. American National Insurance Company v. Nuckols (Tex. Civ. App.) 187 S. W. 497, 499; Ætna Life Insurance Company v. Robinson (Tex. Civ. App.) 262 S. W. 118, 121; Ewing v. Commercial Travelers' Mutual Accident Association, 55 App. Div. 241, 66 N. Y. S. 1056, affirmed 170 N. Y. 590, 63 N. E. 1116.

We, therefore, conclude that no error was committed by the court in the trial of this case, and shall deny the defendant's motion for a new trial.

■ On plaintiff's motion to amend the verdict, the plaintiff in this case has moved to amend the verdict to increase the amount of recovery to include accumulative endorsements and payments fixed by the policy for subsequent policy years beginning with the sixth year. This matter we ruled at the trial, and do not believe we have the right now to amend the verdict. If we were in error, the matter could only be corrected, as we view it, by a motion for a new trial. As we interpret the language of the policy, payments in case of sunstroke were limited to the principal sum originally named in the policy. This sum was $5,000. The provision of the policy covering this payment is as follows: "If sunstroke * * * caused by external, violent and accidental means * * * shall result in the death of the insured within ninety days

from the date of the accident or accidental exposure, independently of all other causes, the company will pay the beneficiary hereinafter named the principal sum. originally named herein."

A motion for the amendment of the verdict will therefore be denied.

PER CURIAM.

Now, October 21, 1931, the defendant's motion for a new trial is denied; and the plaintiff's motion to amend the verdict in this case is denied.