## MARYLAND CASUALTY CO. v. HARRIS.
### No. 4777.

Circuit Court of Appeals, Third Circuit.
Aug. 4, 1932.

Robert A. Applegate, and Rose & Eichenauer, all of Pittsburgh, Pa., for appellant.

Burtt Harris, of Pittsburgh, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

811

THOMPSON, Circuit Judge.

This is an appeal from a judgment entered upon a verdict in a suit in assumpsit brought by the beneficiary on a policy of accident insurance. The policy contained the following pertinent provisions:

"The Company does hereby insure Hiram Harris * * * against bodily injuries effected solely through external, violent and accidental means, that independently of all other causes results in death or the disabilities set forth.

"Special Payments.

"Not otherwise covered under the insuring clause of the policy.

"1. If sunstroke, freezing or hydrophobia, caused by external, violent and accidental means, or the involuntary or unconscious inhalation of gas or other poisonous vapors, shall result in the death of the Insured within ninety days from the date of the accident or accidental exposure, independently of all other causes, the Company will pay the beneficiary hereinafter named the principal sum originally named herein.

"This policy is issued to and accepted by the insured subject to the following provisions and agreements: * * *

"2. Written notice as early as may be reasonably possible must be given the Company at Baltimore, Md., of any accident and injury for which a claim is to be made, with full particulars thereof, and full name and address of the insured. Affirmative proof of death by external, violent and accidental means, or of loss of limb or sight, or of duration of disability must also be furnished to the Company within two months from the time of death, or of loss of limb or of sight, or of the termination of disability. * * *

"4. Any medical adviser of the Company shall be allowed to examine the person or body of the insured as often as he may require in respect to the alleged injury or cause of death; and also have the right and opportunity to make an autopsy in case of death. In case of an autopsy, the Company shall have due notice and opportunity for its medical examiner to be present and participate therein."

The insured died on June 5, 1930, while playing golf. His body was interred on June 7, 1930. There was testimony that the insured's death was caused by sunstroke.

The defendant was first notified of the death of the insured by a letter from the plaintiff's attorney dated July 1, 1930. On July 7, 1930, the defendant, through its adjuster, demanded an autopsy. The plaintiff refused this demand, alleging that he had no right or power to authorize an autopsy, and that the insured had been buried since June 7, 1930. On August 26, 1930, the defendant mailed blank proofs of death to the plaintiff's attorney in response to a request made by the latter on August 4, 1930, and stated in its letter that the refusal to permit an autopsy to determine the cause of the death of the insured vitiated any claim under the policy. The proofs of death, duly executed, were returned to the defendant on or about September 11, 1930.

The defendant refused payment, and set up as a defense that the plaintiff had refused to consent to an autopsy, as required by paragraph 4 of the policy. Another defense was that the beneficiary had failed to comply with the provision requiring the filing of affirmative proofs of death by "external, violent and accidental means," in that the proofs were filed subsequent to the two-month period required by the policy, and were not such as to show death by accidental means.

The trial judge submitted to the jury for its determination the sole question whether the death was due to sunstroke. He instructed the jury that, if it were, the plaintiff would be entitled to recover. He held as a matter of law that the demand for an autopsy constituted a waiver of the provision requiring affirmative proofs of death by accidental means, and that the refusal to consent to an autopsy was not a defense because the demand was delayed until after the burial.

The provision in the policy for an autopsy is for the purpose of enabling the insurer to determine whether the cause of death, asserted by the beneficiary, is within the terms of the policy. Here we have a delay from June 5, when the death occurred, to July 1, before notice of death was mailed to the insurer. The demand for an autopsy was made on July 7, within a few days of the receipt of the notice. The question whether the demand was made within a reasonable time must be determined upon consideration of all the circumstances in the case. Under the facts shown and not disputed, the insurer could not be required to request an autopsy before interment, for the reason that over three weeks had elapsed after interment before it had knowledge of the death of the insured.

We are of the opinion that there was no way to determine, except by the finding of the jury, whether the request was made within a

reasonable time; that being a question of fact under all the circumstances. It was for the jury to determine the question whether the request was reasonably and seasonably made. In this conclusion we are in accord with the rulings of the Circuit Court of Appeals for the Eighth Circuit in General Acc., Fire & Life Assur. Corporation v. Savage, 35 F.(2d) 587, and Standard Acc. Ins. Co. v. Rossi, 35 F.(2d) 667.

Since there was an honest dispute as to the probable cause of the death of the insured, and there was testimony that an autopsy would determine whether the insured died from sunstroke, we are of the opinion that the trial judge should have submitted to the jury the question whether the autopsy had been demanded within a reasonable time. We conclude that the judgment must be reversed, with direction for a new trial.

Judgment reversed with a venire de novo.