### WALDO FERTILIZER CO. v. MUTUAL LIFE INS. CO. OF NEW YORK.
### No. 9752.

Circuit Court of Appeals, Eighth Circuit.
June 21, 1934.

204

C. E. Wright and C. W. McKay, both of El Dorado, Ark. (N. C. Marsh and W. D. McKay, both of El Dorado, Ark., on the brief), for appellant.

A. F. House, of Little Rock, Ark. (Frederick L. Allen, of New York City, W. E. Patterson, of El Dorado, Ark., and Rose, Hemingway, Cantrell & Loughborough, of Little Rock, Ark., on the brief), for appellee.

Before STONE and SANBORN, Circuit Judges, and WYMAN, District Judge.

WYMAN, District Judge.

This is an appeal from a judgment of the District Court of the United States for the Western District of Arkansas. For convenience the parties will be referred to as plaintiff and defendant as they were designated in the court below.

The suit was instituted in the circuit court of Columbia county, Ark., by Waldo Fertilizer Company, as plaintiff, against the Mutual Life Insurance Company of New York, as defendant, to recover under the so-called "Double Indemnity" clause of a certain life insurance policy issued by the defendant company upon the life of one Louis D. Kemmerer, in the sum of $10,000 payable to the plaintiff company as beneficiary, which policy provided for the payment of double the face of the policy in event of death as a result of accident. Upon petition of the defendant the case was removed to the District Court of the United States for the Western District

of Arkansas, where defendant answered, denying that insured's death was caused by accidental means, and alleging that death was the direct or indirect result of disease and denying liability upon the further ground that the defendant's request for authority to make an autopsy upon the body of insured, made within a reasonable time, had been refused, contrary to the provisions of the contract of insurance. The issues thus presented were tried to a jury, and at the close of the evidence the court, on motion of the defendant, directed the jury to return a verdict in favor of defendant, and from the judgment thereafter entered plaintiff appeals.

There appears to be little or no dispute as to the material facts which, briefly stated, are as follows: Louis D. Kemmerer was, in his lifetime, president of the plaintiff company, and in the month of December, 1926, the defendant insurance company issued two policies of insurance upon his life, policy No. 3727250, in the sum of $5,000, payable to Ora W. Kemmerer, wife of the insured, and policy No. 3727251, in the sum of $10,000, payable to the plaintiff company as beneficiary. Aside from the amount of insurance and the beneficiary named, the policies were identical and each contained provisions for the payment of double indemnity "upon receipt of due proof that insured died as a direct result of bodily injury effected solely from external, violent and accidental means, independently and exclusively of all other causes, and of which, except in cases of drowning or asphyxiation, there is evidence by visible contusion or wound on the exterior of the body."

Each of said policies also contained the following provision:

"The company shall have the right and opportunity to examine the body and to make an autopsy unless prohibited by law."

On the morning of May 29, 1930, and while the policies above referred to were in full force and effect, the insured was found unconscious, if not dead, seated in his automobile, which was in the garage; the engine of the automobile was in operation and the garage doors were closed, with the exception of one which was partially open; insured's head was thrown back and his face was red and his appearance was life-like; the garage was warm inside and was filled with a blue smoke. A physician arrived within a few minutes after insured was discovered and efforts were made to resuscitate him by means of artificial respiration, but without avail, and shortly thereafter the body was embalmed and buried.

On June 4, 1930, the plaintiff, as beneficiary under policy No. 3727251, forwarded to the managing agent of the defendant company at Little Rock, Ark., the customary proof of death, claiming $20,000 as double indemnity under said policy. The cause of death asserted by plaintiff in said proof of death was "carbon monoxide poisoning" and in the physician's certificate attached to the proof of death, "asphyxiation, carbon monoxide gas." By letter dated June 6, 1930, the managing agent of the defendant, at Little Rock, Ark., acknowledged receipt of the proof of death and informed the plaintiff that the same had been referred to the home office of the defendant company. On June 5, 1930, a similar proof of death was sent to the defendant's managing agent at Little Rock, Ark., by Ora W. Kemmerer, beneficiary under policy No. 3727250, and on June 7, 1930, a similar letter of acknowledgment was by the said managing agent sent to Ora W. Kemmerer. Thereafter, on June 16, 1930, the defendant forwarded to the plaintiff a draft covering the face of the policy with a letter containing the following statements: "This policy contains a provision for Double Indemnity in event of accidental death. Under certain circumstances, following our usual practice not to delay settlement of the face of the policy, we are enclosing a check which may be accepted by the beneficiary without prejudice to the rights of either the beneficiary or the Company. In the meantime, claim under the Double Indemnity provision will be given attention."

By letter dated July 11, 1930, and addressed to Ora W. Kemmerer, the defendant requested authority to make an autopsy upon the body of the insured under the provisions of policy No. 3727250. Ora W. Kemmerer never replied to the defendant's letter, and on September 26, 1930, a second letter was forwarded to her by defendant requesting authority to make an autopsy and on October 6, 1930, Ora W. Kemmerer refused to permit an autopsy for the reason: "That I consider your request at this late date unreasonable." Between July 11 and September 26, 1930, the managing agent of the defendant at Little Rock, Ark., talked to Mr. Davis, of the Waldo Fertilizer Company, to the effect that the defendant had requested Mrs. Kemmerer for authority to make an autopsy, and on October 3, 1930, the question of the autopsy was again discussed between the managing agent of the defendant company and Mr. Davis, an officer of the plaintiff company, and on October 15, 1930, the managing agent of the defendant company, in company with Mr. Davis, of the plaintiff company, called to see Mrs. Kemmerer about the autopsy, and Mr. Davis did all in his power to secure authority to make the autopsy.

The several assignments of error are predicated upon the action of the trial court in directing the verdict in favor of the defendant. Appellant contends, first, that the evidence is sufficient to sustain a judgment in its favor, and, second, that it does not appear as a matter of law that the request for an autopsy was made within a reasonable time, and that, therefore, the question as to the reasonableness of the request was a question of fact which should have been submitted to the jury.

If there is sufficient evidence in the record to sustain a judgment for plaintiff, then, clearly, the case should have been submitted to the jury unless, under the facts in the case, the defendant was relieved from liability as a matter of law because its request for an autopsy, made under the terms of the policy, was not granted. An examination of the record discloses ample evidence tending to prove that insured met his death by independent, external and accidental means, to require the submission of the question to the jury. The question, then, upon which the case must turn is whether or not the trial court erred in deciding as a matter of law, under the facts in the case, that the request for an autopsy was reasonable and seasonably made.

While it is true the record shows that a request was made upon Ora W. Kemmerer for authority to make an autopsy under policy No. 3727250, there is nothing in the record tending to show that any request or demand for authority to make an autopsy was ever made upon the plaintiff company or any of its officers. The evidence shows that on or about October 15, 1930, Mr. Davis, an officer of the plaintiff company, was requested by the defendant to assist in securing the consent of Mrs. Kemmerer to the autopsy, and the testimony further shows that the plaintiff company did all that it was requested to do in connection with securing Mrs. Kemmerer's consent to the autopsy. In our opinion, as stated above, the evidence does not show that any demand for an autopsy was ever made upon the plaintiff; but even if the record showing in this regard could be deemed or construed to be a request or demand for an autopsy, certainly the question as to its sufficiency and seasonableness should have been

submitted to the jury. General Accident, Fire & Life Assur. Corp. v. Savage (C. C. A.) 35 F.(2d) 587; Standard Accident Ins. Co. v. Rossi (C. C. A.) 35 F.(2d) 667; Maryland Casualty Co. v. Harris (C. C. A.) 60 F.(2d) 810.

The judgment of the District Court is reversed, and the case remanded for a new trial.