Frances Fay SYKES, Individually and as Administratrix of the Estate of Fred Sykes, Deceased, Plaintiff,

v.

The COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION, Defendant.

Civ. A. No. 7757.

United States District Court
M. D. Pennsylvania.

March 5, 1963.

Sidney A. Simon, Williamsport, Pa., for plaintiff.

Candor, Youngman & Gibson, Williamsport, Pa., for defendant.

FOLLMER, District Judge.

Plaintiff, Frances Fay Sykes, as the widow and the Administratrix of the Estate of Fred Sykes, Deceased, instituted this action against the defendant, The Commercial Travelers Mutual Accident Association, on an insurance policy in which Fred Sykes, the deceased, is the insured and his widow, Frances Fay Sykes, is the beneficiary. This policy covers loss of life "caused directly, exclusively, independently of disease, bodily infirmity or any other cause, by accidental bodily injuries resulting solely from and caused solely by external and accidental violence", and provides in paragraph 8 of the "Standard Provisions" that insurer (defendant) shall have "the right and opportunity to make an autopsy in

2. Patterson Oil Terminals, Inc. v. Charles Kurz & Co., D.C., 7 F.R.D. 250.

case of death where it is not forbidden by law." It also provides, "This contract, * * * shall * * * be construed in accordance only with the laws of, the State of New York."

The deceased was involved in an intersectional collision and died the same day. Defendant was not notified until after interment and subsequently sought consent to perform an autopsy. Consent was refused on the grounds that "disinterment and autopsy was in violation of the tenets of the Jewish religion, the faith of the deceased and the Beneficiary under the policy", and it was alleged that no reasonable grounds existed for questioning the cause of death by means of autopsy.

Defendant has filed a Motion for Summary Judgment contending that the law of the State of New York provides that a refusal to consent to an autopsy is an absolute defense to an action on the contract. Plaintiff, on the other hand, contends that a demand for disinterment after burial comes too late.

In McCulloch et al. v. Mutual Life Ins. Co. of New York, 4 Cir., 109 F.2d 866 (1940), the Mutual Life Insurance Company of New York brought an action "to establish the right to exhume the body of the deceased and perform an autopsy". In an able discussion including reference to decisions of the Courts of the State of New York, the Court said, inter alia (pp. 869–870):

"The policies in suit contained the following provision: 'The Company shall have the right and opportunity to examine the body and to make an autopsy unless prohibited by law'. Similar provisions in life and accident policies have been considered by the courts during the past forty years and for the most part have been strictly construed. This attitude has been deemed just, not only because the policy provision is phrased by the insurer for its own benefit and may be invoked as a condition precedent to work a forfeiture and defeat recovery, but also because an unnecessary or unreasonable exercise of the right of autopsy entails a course of action that is abhorrent to the sensibilities of surviving relatives and may involve a desecration of the grave. Some decisions have gone so far as to say that if the policy does not give the insurer the right to perform an autopsy after interment, the right is lost unless the autopsy is demanded and performed before interment, and that if the insurer desires to secure the practicable exercise of the privilege, it must arrange to secure information of the death before the interment takes place. (Citing cases).

"The general current of authority, however, does not go to this extent. It is generally held that the right may not be exercised after burial if it was reasonably possible for the insurer to secure the privilege before that event. But the insurer may have been denied an autopsy before burial, or may have had no notice or insufficient notice of the death until after the interment; or circumstances, such as fraud or mistake or uncertainty as to the true cause of death that make an autopsy reasonably necessary to the ascertainment of the truth may not have become known to the insurer until after the burial, notwithstanding the exercise of due diligence on its part. Under such circumstances, an autopsy ought not to be arbitrarily withheld, and the decisions so hold. (Citing cases including Gould v. The Travelers Insurance Company, 270 N.Y. 584, 1 N.E.2d 341 (1936)).

"While it is difficult to lay down a rule generally applicable under all circumstances, it is safe to say that two conditions at least must concur to justify an autopsy after burial. It must appear that through

no fault of the insurer it was impracticable to demand and perform the autopsy before interment, and secondly, it must be reasonably certain that an examination of the body will reveal something bearing on the rights of the parties which could not otherwise be discovered. (Citing cases including Travelers Ins. Co. v. Welch, 5 Cir., 82 F.2d 799 (1936)).

"The general principles involved are summed up in Wehle v. United States Mut. Acc. Ass'n, 153 N.Y. 116, 122, 47 N.E. 35, 36, 60 Am.St. Rep. 598, as follows: 'The provisions as to the examination of the person or body of the insured was not only expressly assented to by the insured when he made application for the insurance, and therefore should be given effect as his express agreement, but it was a reasonable provision, and quite necessary in accident insurance, as affording a protection against fraud. * * * The effect of the giving of immediate notice was to impose upon the defendant the obligation immediately to make such investigation of the occurrence as to enable it to decide whether to insist upon its right to an examination of the body in order to satisfy itself as to the cause of the death. It was not at liberty to wait indefinitely, or for any unreasonable length of time. The provision, though not, as before observed, of an unreasonable nature, nevertheless was one which, in the nature of things, called for prompt action on the part of the insurer. Although no time is specified within which the permission to examine may be availed of, still a due regard for the sentiments of the family and friends of the deceased, if not public policy, required as immediate an exercise of the option to examine as was possible. Conditions in insurance policies, as in all other contracts, should be construed strictly against those for whose benefit they were reserved. Paul v. Travelers' Ins. Co., 112 N.Y. 472, 20 N.E. 347 [3 L.R.A. 443, 8 Am.St.Rep. 758]. * * * We do not think that there was any ambiguity with respect to the permission to examine the person or body of the insured, and if it should appear in any case that at some subsequent date, after the interment of the body, circumstances or facts coming to the knowledge of the insurer warranted a reasonable belief that death was occasioned by means or causes excepted from the contract of insurance, a reasonable construction of this provision would authorize the insurer to insist upon an exhumation of the body and upon a dissection of it.'"

In Franz v. United States Casualty Co., D.C.E.D.La., 49 F.Supp. 267, 274 (1943), suit was instituted on the policy as in the instant case, and the identical clause was contained in the policy. The Court there said:

"The right to make an autopsy such as was provided for by the McMahon policy should be interpreted as permitting the insurer to have an autopsy, with consent of those entitled to give it; or, upon their refusal, by proper order of Court.

"Such a policy clause, as said the Court in a case on appeal from the Western District of Louisiana, i. e. Travelers Insurance Co. v. Welch, 5 Cir. 1936, 82 F.2d 799, at page 802, ' * * * does not affect the risk, but applies only after a loss and is concerned with the proof or disproof of the loss. Breach of such a post-loss right, no matter how clearly reserved in the policy, is usually held not a bar to the insurance unless expressly made so * * *.'

\* \* \* \* \* \*

"' * * *. It ought to be treated as intended not as a means of evad-

ing liability, but rather as a means of getting evidence of the truth. Only for the latter purpose is it consistent with sound policy. When the circumstances do not indicate any fraudulent burying of the truth or any likelihood that important evidence would be discovered by dissection even of an unburied body, courts ought to be slow, as they have been, to defeat insurance on account of this provision. * * *.' "

In the case of Wehle et al. v. United States Mut. Acc. Ass'n of City of New York, 153 N.Y. 116, 47 N.E. 35 (1897), which was cited in the McCulloch case, supra, the Court of Appeals of New York affirmed judgment for the plaintiff on the ground that "the delay in the demand for an examination of the body was, as matter of law, so unreasonable, in the absence of any facts or circumstances excusing it, as to deprive the defendant of any defense to the action upon that ground" and made the comment that had the demand been properly made "the question would then be open for consideration whether it was such as to have brought about a forfeiture of the policy."

In Labiche v. Certain Insurance Companies or Underwriters at Lloyd's London, England, D.C.E.D.La., 196 F.Supp. 102 (1961), there were conflicting findings which left the cause of death, as accidental, in considerable doubt. In an action on the policy, defendant (insurer) moved for disinterment and post mortem examination of assured's body. The comment of the Court bears repeating (pp. 104, 105 and 106):

"It is true, as plaintiff suggests, that exhumation is not favored in the law and that only on a showing of good cause will it be ordered. Respect for the body of the dead is part of our culture which militates against granting motions of this kind. Nevertheless, where the interests of justice appear to require it,

exhumation should be ordered. If, through no fault of its own, an insurer has been denied the right to produce and present its proof, and exhumation is the only means presently available, the exhumation must be ordered, in spite of the mental anguish that such action may bring to bereaved survivors.

* * * * * *

"It is not easy for a court to order exhumation over the objection of the widow. The court cannot be insensible to the travail which inevitably will result. But her insurers have a right under their contract to examine the body and, particularly under the circumstances of this case, this right should be enforced. The election as to whether the body will be disinterred in these circumstances is one which the plaintiff must make."

In Order of United Commercial Travelers of America v. Moore, 5 Cir., 134 F.2d 558, 560 (1943), the policy differed from that before us in that it provided for forfeiture upon refusal. The facts at trial showed a real question existed as to the cause of death. The Court nevertheless sustained a verdict for plaintiff saying, "Whether or not the request is made within a reasonable time is for the court to decide if it is made either so promptly or so tardily after death that reasonable minds could not fairly differ on the question; otherwise, it is for the jury to decide. * * * The issue was submitted to the jury, and its finding that the request was not made within a reasonable time must be upheld." Judge Sibley in a dissenting opinion stated:

"None of the cases specially cited in the majority opinion is like this one. In each the policy gave the insurer the right to have an autopsy but there was no agreement as to what the consequence of a refusal would be. This court in such a case,

on full consideration, held that where there was no agreement for a forfeiture on refusal, only extreme circumstances could justify defeat of the insurance, and that ordinarily the right to have an autopsy ought to be enforced only by an application to the Court to order it—that is by a specific performance rather than by a forfeiture. * * * "

Plaintiff cited Harris v. Maryland Casualty Co., D.C.W.D.Pa., (1931), 2 F.Supp. 188, in which the District Court (citing inter alia a New York decision) held that a request after burial came too late. The Court of Appeals of the Third Circuit, however, in Maryland Casualty Co. v. Harris, 60 F.2d 810, 812 (1932), reversed saying, "It was for the jury to determine the question whether the request was reasonably and seasonably made." The cases cited by the Court of Appeals of the Third Circuit in the Harris case, supra, held that "These provisions, construed together, gave the right to an autopsy when reasonably required",[1] and that "[f]ailure to accede to a demand therefor, when seasonably and reasonably made, is a breach of the policy contract."[2]

Defendant cites Dvorkin v. Commercial Travelers Mutual Accident Association of America, 283 N.Y. 629, 28 N.E.2d 34 (1940), as sustaining defendant's interpretation of the law of New York. The Court did reverse a judgment for plaintiff and dismissed "the complaint on the ground that plaintiff's refusal to permit an autopsy precluded recovery on the policy." The Court, however, pointed out that although there was evidence that the deceased had fallen into a grease pit and injured his leg, the death certificate issued by the family physician, who was immediately summoned, gave "coronary occlusion" as the cause of death on the death certificate, and that deceased having died February 4, 1938, notice "was given to defendant on February 16, 1938, some time after burial, and within six days defendant demanded an autopsy to determine the cause of death under the terms of the policy." On these uncontradicted facts it was clear that the Court in reversing a judgment for plaintiff was merely holding that it was a clear case of a request reasonably and seasonably made.

 A summary judgment cannot be granted when there is a genuine issue as to a material fact presented by either of the parties to an action and what we have before us in the present posture of the case is plaintiff's allegations in the Complaint and in affidavits and medical certificates submitted by her, which, for the purpose of this motion, must be regarded in the light most favorable to plaintiff. However, it must be clear in view of the foregoing discussion that plaintiff's statement that "disinterment and autopsy was in violation of the tenets of the Jewish religion, the faith of the deceased and the Beneficiary under the policy" can in no sense be considered a justification for a refusal of defendant's request. The sole factual issues are the seasonableness and reasonableness of defendant's request on which the parties must have full opportunity to present their evidence.

The defendant's Motion for Summary Judgment must, therefore, be denied.

---

1. General Acc. Fire & Life Assur. Corporation, Limited, v. Savage, 8 Cir., 35 F. 2d 587, 593 (1929).

2. Standard Acc. Ins. Co. v. Rossi, 8 Cir., 35 F.2d 667, 670 (1929).