ESTHER B. BERNSTEIN, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Monroe County, December 9, 1931.

*Charles B. Bechtold,* for the plaintiff.

*John Van Voorhis' Sons,* for the defendant.

GILLETTE, J. This is an application for an order of this court requiring the plaintiff to permit the body of her husband, Charles K. Bernstein, to be exhumed and to permit the defendant an opportunity to examine the body of the insured, Charles K. Bernstein, and to make an autopsy upon the same.

The law throws around the bodies of deceased human beings a protection even in their graves. The right of Christian sepul-

ture includes the right to have one's remains respected in his or her last resting place. Many circumstances arise from time to time necessitating a disturbance of the repose of the dead, but it must be some controlling public reason or superior private right which would induce the court to permit that to be done which from time immemorial has been considered abstractly as a work of desecration.

In the absence of a strict legal right, only some rare emergency could move a court of equity to take a body from its grave and permit an autopsy if there is reason to believe, as exists here, that the conscience of the deceased, were he alive, and that the conscience of the surviving relatives, would be outraged thereby, and the sentiments and usages of the religious sect to which the deceased and his relatives belong should not be wholly disregarded.

The dead are to rest where they have been laid, unless reason of substance is brought forward for disturbing their repose, although the insurance policy provides that the company shall have the right and opportunity to examine the body of the insured and to make an autopsy in case of claim thereunder, unless forbidden by law.

The defendant was not at liberty to wait indefinitely or for any unreasonable length of time before making a demand for an autopsy upon the body of the deceased insured. The provision in the policy granting this right called for prompt action on the part of the insurer. It was an unreasonable delay on the part of the insurer to wait for over a year after the body of the insured had been interred, and no sufficient excuse appears for this delay.

The insured died on or about the 4th day of August, 1930, and notice of the death of the insured by drowning was given to the defendant company on the 20th day of August, 1930, and immediately thereafter proofs of death were filed and no demand for an autopsy was ever made upon the plaintiff or her attorney until on or about the 16th day of September, 1931, a period of over a year after the proofs of loss were filed. The defendant does not show any excuse to the court for its gross laches in moving for an examination after such a long period of time had elapsed.

The courts have repeatedly held that in cases of accidental death the insurer must make a demand within a reasonable time for an autopsy. The defendant was not at liberty to wait indefinitely or for any unreasonable length of time, although no time is specified within which the permission to examine may be availed of. Still, a due regard for the sentiments of the family and friends of the deceased, even public policy, required as early and immediate exercise of the option to examine as was possible. Conditions in

insurance policies, as in all other contracts, should be construed strictly against those for whose benefit they were reserved.

Section 2213 of the Penal Law of the State of New York provides for only four instances where the dissection of a human body is lawful. The case at bar does not fall within any of these four provisions. Neither can there be any power vested in the court to order an examination and dissection of this body under the provisions of section 324 of the Civil Practice Act, which gives our courts power to require discovery. (See *Danahy* v. *Kellogg*, 70 Misc. 25; *Rabbasco* v. *Dinkel & Jewel Company, Inc.*, 198 N. Y. Supp. 831.) (See, also, as authority for denying this application, *Wehle* v. *United States Mutual Accident Association*, 11 Misc. 36; affd., with opinion, 153 N. Y. 116; also *Root* v. *London Guarantee & Accident Co.*, 92 App. Div. 578 [4th Dept.]; *Ewing* v. *Commercial Travelers' Mutual Accident Association of America*, 55 id. 241.)

Section 2210 of the Penal Law, however, seems to recognize the right of a person to direct the disposal of one's own body after death.

So it is seriously questioned under the authorities above cited whether the court has power to grant the relief sought in this motion, and if it has the power under the terms of the policy, it certainly should not be granted at this late day where it is extremely doubtful if an autopsy would reveal anything other than putrefaction.

Therefore, the application is denied. However, the defendant should be given an opportunity to amend its answer setting up the refusal of the plaintiff to grant an autopsy, both as a matter of right and as a condition precedent to the recovery of any double indemnity, which, however, should be granted upon terms of costs of the action to date, to abide the event, the amended answer to be served within ten days after the entry of an order in accordance herewith, the date of issue to remain the same and the case to retain its preference on the preferred calendar of the Supreme Court.