ALEXANDER MacKAY, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Argued May 23, 1939; decided July 11, 1939.

*Roy P. Ohlin* and *Mason O. Damon* for appellant.

*Alfred L. Hetzelt* for respondent.

CRANE, Ch. J. On September 16, 1935, Alexander MacKay was working as an insurance inspector under the Emergency Relief Bureau at 40 Delaware avenue, Buffalo. He was struck over the right eye by a piece of corrugated paper or cardboard which fell from its place over a transom. The force of the blow stunned him temporarily, caused the eyelid to bleed and made the eye so sore that he could not touch it for four days. After the pain ceased he noticed that his sight was dim and blurred. During the winter of 1935 and 1936 the eye troubled him considerably but he continued to work until he was laid off in July of 1936. The light bothered him and he constantly rested the eye by holding his hand or handkerchief over it while working. In August of 1936 he consulted Dr. Constantine, who found that there was a detachment of the retina of the right eye causing a loss of sight. The doctor stated that he believed the accident of September 16, 1935, was the cause of the trouble. MacKay was informed of these facts by the doctor.

MacKay has an insurance policy with the Metropolitan Life Insurance Company, which provides that in consideration of the payment of the premium of $9.90, Alexander MacKay is insured for the term of six months from July 8, 1925, subject to the provisions and limitations therein contained, which policy was kept in force until January, 1937. The principal sum is $5,000, the weekly indemnity being $25. The policy insures " against the results of bodily injuries sustained while this policy is in force and caused directly and independently of all other causes

by violent and accidental means, to wit: —." Here follow provisions for injuries which wholly and continuously disable and prevent the assured from performing any duty pertaining to his occupation, which do not apply to this case. After this comes the clause covering this case, if at all.

" Or, if such injuries shall not so disable the insured, but shall, directly and independently of all other causes and within 90 days from the date of the accident, result in any one of the losses named in the following schedule, the Company will pay the amount set opposite such loss.

" Schedule referred to in clause 1: * * * For Total and Irrecoverable Loss of Sight of One Eye.............. One Third of the said Principal Sum."

In this action brought upon the policy the jury have found that within ninety days the plaintiff was rendered totally blind in one eye, that is, he had suffered " total and irrecoverable loss of sight of one eye." It is very doubtful if the evidence justifies this conclusion. The defendant worked for ten months after the accident without noticing any total loss, merely describing his condition as blurred sight and weakness of the eye which he considered the result of sinus trouble. Not until the doctor informed him in August of 1936, did he know or realize that he had lost the sight of one eye.

We pass this question for the moment, to take up other conditions in the policy which are called " standard provisions " because they are required by section 107, subdivision c, paragraphs 4, 5, 7 and 14 of the Insurance Law (Cons. Laws, ch. 28). I quote them here for convenience:

" 4. Written notice of injury on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury.

" 5. Such notice given by or in behalf of the insured or beneficiary, as the case may be, to the Company at New York, or to any authorized agent of the Company, with particulars sufficient to identify the insured, shall be deemed to be notice to the Company. Failure to give notice within

the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible. * * *

" 7. Affirmative proof of loss must be furnished to the Company at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the Company is liable, and in case of claim for any other loss, within ninety days after the date of such loss. * * *

" 14. No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy."

As stated above, the accident in this case occurred September 16, 1935. No written notice of injury or proof of loss was furnished to defendant until September 4, 1936, almost a year later. The twenty-day requirement for furnishing notice of injury may be extended by necessity, that is, it may be given as soon as reasonably possible, but even this liberal extension has its limitations. Affirmative proof of loss of the kind here in question must be given within ninety days after the date of such loss and, by the terms of the policy, the loss must have occurred within ninety days of the accident. Within ninety days after September 16, 1935, the total and irrecoverable loss of the sight of the plaintiff's eye must have occurred or else it was not such a loss as was covered by the policy. This is what the policy says and this is what we must necessarily hold. As before stated, I doubt very much whether plaintiff has proved that such a loss occurred within ninety days. Assuming that it did, however, we have the standard provision that affirmative proof of loss must be furnished to the company within ninety days after the date of the loss. Surely it is not unreasonable to suppose that any one

who has suffered the total loss of an eye would discover it within ninety days after an accident. After such discovery the insured can give notice of injury and furnish proof of loss, but this has a ninety-day limit. If notice is not given and proof of loss furnished within ninety days after the loss, how can there be any recovery on the policy when these are the plain words of the statute?

The courts below have construed the provision regarding the giving of notice of injury as also extending the time for giving proof of loss; in other words, if notice of injury may be given as soon as it is reasonably possible, the same extension applies to giving proof of loss. There may be some ground to sustain such reasoning, and, if the company had itself adopted this language, I would be inclined to follow the Appellate Division's conclusion. However, the law of the State requires the standard provisions to be included in such policies, and one of these provisions is that which says that the proof of loss must be furnished within ninety days after the loss occurs. (*Maryland Casualty Co.* v. *Massey*, 38 Fed. Rep. [2d] 724.)

We, therefore, must hold that the plaintiff has failed to comply with these conditions of the policy.

The judgments should be reversed, and the complaint dismissed, with costs in all courts.

Finch, J. (dissenting). The judgment appealed from should be affirmed and this plaintiff recover. Concededly he was insured under a valid policy. Concededly, also, he gave a valid notice to the insurance company as soon as he could. His claim is dismissed because he did not file a proof of claim before it was reasonably possible to know of his injury and give notice thereof. The facts and circumstances which excuse the giving of the notice earlier clearly should likewise excuse his failure to give proof of the valid claim. The conclusion at which a majority have arrived is based on a holding that the provision fixing the time in which notice must be given is limited by the time in which proof of loss must be given. But certainly

the filing of proof of claim is merely a procedural consequence of the filing of the notice, and if the *notice* of injury complies with the time limitation prescribed therefor, then the *proof* of injury submitted promptly thereafter likewise should be deemed timely. The conclusion at which the majority have arrived is contrary to that in other jurisdictions. I dissent and vote to affirm the judgment from which this appeal is taken.

LEHMAN, HUBBS and LOUGHRAN, JJ., concur with CRANE, Ch. J.; FINCH, J., dissents in opinion in which RIPPEY, J., concurs; O'BRIEN, J., taking no part.

Judgments reversed, etc.