LENA DVORKIN, Respondent, *v.* THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.

First Department, January 26, 1940.

502

*Charles J. Nehrbas* of counsel [*Henry C. Moses* with him on the brief; *Moses, Nehrbas & Tyler,* attorneys], for the appellant.

*Robert I. Rogin* of counsel [*Samuel R. Rudey* with him on the brief], for the respondent.

UNTERMYER, J.   The action is upon a policy of accident insurance issued by the defendant to Daniel S. Dvorkin which provides for payment in the event of death caused solely and exclusively by external, violent and accidental means.

On February 4, 1938, the assured accidentally fell into a grease pit located in the basement of a garage operated by him.   He was assisted out of the pit by a customer, to whom he complained that he had hurt his leg.   He was then taken to his home by his son, who observed a laceration on his father's leg.   Dr. Brown, the family physician, was immediately summoned but the assured died soon after he arrived.

The assured was forty-nine years of age at the time of death. The death certificate, which formed a part of the proof submitted to the defendant, was made by Dr. Brown and set forth the cause of death as follows:

" Coronary occlusion — duration......yrs.........mos. 1 ds. Contributory — angina pectoris   *   *   *   duration 1 yrs   .... mos......ds."

Notice that the assured had died as the result of accident was given to the defendant on February 16, 1938, some time after the burial of the assured.   Within six days the defendant demanded an autopsy to determine the cause of death, under the following provision of the policy: " This Association shall have the right and opportunity to examine the person of the insured when and so often as it may reasonably require, and also the right and opportunity to make an autopsy in case of death, where it is not forbidden by law, and also the right and opportunity to be present in any case at an autopsy performed on the body of a member under the direction of a public officer, or by the authority or consent of his beneficiary or family."

The demand for an autopsy, although concededly made within a reasonable time after notice of the claim, was refused by the

plaintiff. We think the refusal precludes a recovery on the policy.

It is conceded that the fall of the deceased into the pit and the slight injury to his leg were alone not sufficient to cause death. It was the claim of the plaintiff that Dvorkin had theretofore suffered a " functional " impairment of the heart, not of a character to be classified as a " disease," but constituting merely a " predisposing tendency." (*Silverstein* v. *Metropolitan Life Insurance Co.*, 254 N. Y. 81.) The defendant contended that the deceased had suffered an " organic " impairment of the heart amounting to a coronary arterial disease, likely to cause death at any time, but which became fatal by the fall into the pit. On that issue the testimony of the medical witnesses offered by the parties is in direct conflict. It is unnecessary to recapitulate all that evidence in detail. It is sufficient to say that the proof offered by the plaintiff tended to establish that the accident caused a functional impairment of the heart, previously dormant, to become acute, and that the defendant's proof, if true, would establish that Dvorkin had suffered from organic heart disease which became fatal in consequence of the shock of the fall. The record establishes also beyond the possibility of contradiction that an autopsy would at least have disclosed that the deceased suffered from organic disease of the heart, if such were the fact, though it might not have disclosed a mere functional impairment.

Under these circumstances, the plaintiff's refusal to consent to an autopsy constituted the denial of a most substantial right. We think the jury should not have been permitted to determine the propriety of the exercise of that right under the circumstances of the present case. Although the trial judge correctly instructed the jury that the demand for an autopsy was timely made, he submitted the reasonableness of that demand to the jury to be decided as an issue of fact. We are of opinion that, as matter of law, the demand for an autopsy was not unreasonable. If, as the defendant contended, Dvorkin had suffered an organic impairment of the heart, an autopsy would have revealed that fact. The evidence tending to sustain such a diagnosis of heart disease was, to say the least, substantial. There is no suggestion in the record that the demand for an autopsy was not made in good faith or that it was animated by any desire to torture the sensibilities of the family of the deceased. It was asserted in the exercise of a contractual right, devised to resolve precisely such uncertainties as existed in the present case. The refusal to comply prevents the enforcement of the policy. (*Gould* v. *Travelers Insurance Co.*, 244 App. Div. 274.)

It is no answer to assert that the demand for an autopsy was unreasonable because it must be presumed that it would only have revealed a functional disturbance of the heart, the jury having found no other condition to exist. That contention would entirely obliterate from the policy any provision for an autopsy by nullifying the right whenever a jury concludes that death was the result of accident. The infirmity in the argument lies in the fact that an autopsy might have revealed a condition, difficult or perhaps impossible of satisfactory proof by other means, which would have influenced the jury to arrive at a different result.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.