FRANCES HOLMES, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Kings County, April 30, 1943.

*Thomas D. Thacher, Corporation Counsel* (*Leon Kellman* of counsel), for defendant.

*William A. Blank, Sidney G. Hollander* and *Nemo Convisser* for plaintiff.

DALY, J.   The defendant moves for an order to disinter the body and remains of the plaintiff herein, now deceased, and permit its agents to perform an autopsy for the purpose of determining the condition of her brain.

The plaintiff sustained on July 10, 1941, certain personal injuries when an automobile in which she was seated was struck by the defendant's street car.   The action was tried during the latter part of February and the early part of March, 1943, and resulted in a verdict in favor of the plaintiff in the sum of $47,500.   Judgment was entered on or about March 12, 1943, from which an appeal is pending.   On March 24, 1943, the plaintiff had an epileptic seizure while standing close to the stove or range in her home, her clothes became ignited and she suffered severe burns from which she died at Kings County Hospital on March 25, 1943.

There was no issue of liability raised at the trial, the entire eleven days of which were consumed in litigating the question of damages through the testimony of physicians and surgeons produced by both sides.   The plaintiff's experts claimed that she had a subdural hematoma affecting the brain resulting in epilepsy which was likely to bring about her death at any time. Those of the defendant contended that there was a space-occupying lesion in her brain and not a subdural hematoma, but a brain tumor which antedated the accident and was unrelated thereto.   The plaintiff refused a trephine operation for the purpose of diagnosis although encephalograms were taken. In view of that fact the defendant claims that no certain or accurate diagnosis of the lesion was ever made, but now that the plaintiff is dead the question whether it was a brain tumor or a subdural hematoma is capable of positive ascertainment by means of a brain autopsy; that this court should in the public interest and the interests of justice direct the disinter-

ment and autopsy herein requested, for as stated by the Assistant Corporation Counsel " If what plaintiff had was a tumor and not a subdural hematoma, then a fraud was perpetrated upon the Court, in view of plaintiff's refusal to have the necessary procedure for diagnosis and cure."

The application is vigorously opposed by the husband of the plaintiff and their three children, seventeen, fourteen and ten years of age respectively. They assert the right to have the body of the wife and mother remain inviolate and undisturbed.

I have given this matter considerable reflection. I have examined the authorities submitted by both sides and other cases in the reports and have reached the conclusion that the grounds urged by the defendant for exhuming the body for the purpose of performing an autopsy are not sufficient to justify departure from the general rule that the court should not interfere with the relatives' possession or control of the remains or any part of the body of a deceased in the absence of a clear right or statutory command. (*Matter of Dinkel & Jewell Co., Inc.*, 198 N. Y. S. 831; *Bernstein* v. *Metropolitan Life Ins. Co.*, 142 Misc. 516, and the authorities cited in both cases.)

We have here a situation where in accordance with existing practice and procedure an issue of fact was tried before a jury upon conflicting evidence, which for the purpose of this motion must be presumed to have been competent, relevant and material. This issue the jury has unanimously resolved in favor of the plaintiff under the charge given by the court. The practical effect of granting the relief herein prayed for would be to *retry* an issue by means other than authorized methods. This in the absence of statutory authority cannot be done. The instant situation is not within the contemplation of chapter 39, section 878 *et seq.* of the New York City Charter (1938). Indeed, it is not disputed that an assistant medical examiner at Kings County Hospital has already certified plaintiff's cause of death without requiring the performance of an autopsy.

Merely because the jury gave more weight to the testimony and hypothesis of the plaintiff's experts than it did to that of the experts produced by the defendant does not mean that a fraud was perpetrated upon the court or upon the defendant. The question of the plaintiff's injuries was a question of fact the same as any other question of fact and was subject to the same method for the ascertainment of truth under our system of jurisprudence as any other question, by examination and

cross-examination. The defendant would not have been entitled to an autopsy by way of discovery had the plaintiff died before the trial (*Bernstein* v. *Metropolitan Life Ins. Co., supra*), and certainly is not entitled to one after the issue has been litigated and judgment entered.

The application is in all respects denied.