ANNA SPOOL et al., on Behalf of Themselves and All Other Property Owners in the Town of Brookhaven Similarly Situated, Appellants, v. WOODHULL LANDING COMPANY, INC., Defendant, and SCOTT'S BEACH, INC., Defendant-Respondent.— Action to enjoin defendants from interfering with the public use of parts of the beach fronting their property. Order granting respondent's application to place the action on the Military Suspense Calendar affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

ROSE M. SYLVESTER, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries sustained by plaintiff, a passenger, when she fell while alighting from defendant's trolley car, judgment in plaintiff's favor, entered upon the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ.

BESSIE TAFFEL, Respondent, v. MURRAY W. TAFFEL, Appellant.— Action for a separation. Judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ.

FLORENCE C. TITUS, Respondent, v. TRAVELERS INSURANCE COMPANY, Appellant.— The action is to recover on a policy of accident insurance issued by defendant. There is no dispute as to the material facts. Plaintiff is the widow of the insured and the beneficiary named in the policy. The claimed accident occurred on January 25, 1943, and the insured died on February 10, 1943. Notice of death was given to defendant on June 7 or June 14, 1943. The policy provided that the insurer shall have " the right and opportunity to make an autopsy " and also provided that written notice given within thirty days of any accident " shall be deemed sufficient, unless the notice as herein specified may be shown not to have been reasonably possible." On July 2, 1943, defendant demanded permission to make an autopsy on the body of the insured and plaintiff refused. The failure of plaintiff to comply with the condition precedent, in that she refused to allow the autopsy, bars any recovery under the policy. (*Dvorkin* v. *Commercial Travelers Mut. Accident Assn.*, 258 App. Div. 501, affd. 283 N. Y. 629; *Gould* v. *Travelers Insurance Co.*, 244 App. Div. 274, affd. 270 N. Y. 584.) Assuming that plaintiff did not know of the existence of the policy until March 5, 1943, her failure to give notice to the insurer of the claimed accident and death until June 7, 1943, prevents the enforcement of the policy. (*MacKay* v. *Metropolitan Life Ins. Co.*, 281 N. Y. 42; *Walterman* v. *Mutual Benefit Health & Accident Assn.*, 260 App. Div. 478.) Order denying defendant's motion for summary judgment reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.

## (June 28, 1944.)

In the Matter of the Application of PATRICK J. CAVANAUGH for Admission to Practice as an Attorney. (From the District of Columbia.) — Application granted. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.