ELEANOR KEMPFNER, Respondent, et al., Plaintiffs, *v.* GUARDIAN LIFE INSURANCE COMPANY OF AMERICA et al., Defendants, and NATIONAL CASUALTY COMPANY, Appellant.

Appeal from an order of the Supreme Court at Special Term, entered August 4, 1952, in New York County, which denied a motion by defendant-appellant for summary judgment under rule 113 of the Rules of Civil Practice.

Order affirmed, with $20 costs and disbursements to the respondent.

VAN VOORHIS, J. (dissenting.) Defendant National Casualty Company appeals from an order denying its motion for summary judgment dismissing the complaint to recover a death benefit. The insurance policy sued upon provides for the payment of "indemnity for loss of life &ast; &ast; &ast; from accidental bodily injury which is the sole cause of loss &ast; &ast; &ast; and for loss of time caused by sickness". The insured suffered a cerebral hemorrhage on September 2, 1951. On September 8th, while he still lived, his wife wrote a letter to appellant which stated these facts and requested blanks and other instructions. She requested the blanks and instructions in order to collect sickness benefits under the policy. She could not have referred to the death benefit, inasmuch as the insured was alive. Appellant forwarded proofs of claim for disability caused by sickness, which were filled out and returned to appellant September 21st. These blanks gave notice of claim by the insured himself for benefits due to sickness, the nature of his illness being stated as "Cerebral (subarachnoid) hemorrhage." These documents contain no reference to an accident. The insured died on October 1, 1951.

The first notice to appellant that his death was claimed to have been caused by accident, was given twenty-four days after he died, by a letter from plaintiff's attorney, dated October 25, 1951, which stated, without mentioning the nature of the accident, that insured's death was "the result of bodily injury effected through external, violent and accidental means, and within the terms and conditions of said policy above numbered and described." The facts concerning the alleged "accident" were first brought to appellant's attention November 23rd, when the widow submitted an affidavit stating that his death was "by reason of the accidental taking of medication containing ephedrine, on or about the 31st day of August, 1951, resulting in a fatal cerebral hemorrhage, from which he died at said Polyclinic Hospital on October 1st, 1951."

It thus appears, without dispute, that the first notice of claim that insured's cerebral hemorrhage was caused by any kind of accident was given to appellant more than twenty-four days after his death. This insurance policy contained the usual clause, in easily legible print, drawn in the form permitted by paragraph (d) of subdivision 3 of section 164 of the Insurance Law, that "In event of accidental death immediate notice thereof must be given to the Company." The Court of Appeals has held as matter of law that such a notice given twenty-two days after the event is not immediate, that, in the absence of explanation or excuse, the burden is upon the claimant to excuse failure to

give notice of the facts giving rise to the claim for indemnity, and that the complaint under such circumstances should be dismissed (*Rushing* v. *Commercial Cas. Co.*, 251 N. Y. 302, 304).

Apparently recognizing this difficulty, plaintiff-respondent's counsel interposed an answering affidavit, undertaking to explain the delay, which states upon information and belief that it was not known to respondent "that the policy in question contained a provision for a death benefit. Therefore, written notice was not given until the matter was turned over to your deponent, who upon examination of the policy discovered the provision for death benefit." Although appellant's claim adjuster is averred to have been in communication with plaintiff prior to October 25th, and to have been informed that insured died on October 1st, there is no evidence that the adjuster was informed that insured's death was claimed to have resulted from accident of any kind.

No facts or circumstances have been adduced indicating that plaintiff did not know or could not easily have discovered, at least by the time of insured's death on October 1st, that the cerebral hemorrhage which he suffered on September 2nd was induced by taking ephedrine on August 31st. We need not decide, at this time, whether taking ephedrine brought about insured's death by accidental means within the language of the policy. The circumstance that plaintiff may have been ignorant that the policy contained a death provision, does not bring the case within the saving clause contained in paragraph 5, stating: "Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible." If mere ignorance of the coverage of an insurance policy were sufficient to excuse failure to give immediate notice, that requirement could easily be evaded. The saving clause in the policy was designed to cover situations where delay is caused by the facts concerning the cause of death being intricate or obscure, not where the beneficiary has neglected to read the policy. This clause was embodied in the policy by legislative mandate (Insurance Law, § 164, subd. 3, par. [e]) and, therefore, is not to be construed against the insurer (*MacKay* v. *Metropolitan Life Ins. Co.*, 281 N. Y. 42, 47).

The proofs submitted to appellant on September 21, 1951, do not assist plaintiff. Those documents supported insured's claim to sickness benefits while he lived. Sickness benefits were recoverable due to illness, which need not and were not asserted to have been caused by accident. Those proofs of September 21st mention that he had sustained a cerebral hemorrhage, but do not refer to taking ephedrine nor to any other alleged accidental cause.

The death benefit sued for in this action, payable to insured's beneficiaries, constitutes a different cause of action from insured's own claim to receive benefits for sickness before he died. The present cause of action is based upon different language in the policy and upon different facts, including the subsequently occurring fact of death. The notice to appellant that insured claimed due to sickness from having suffered a stroke, was in no sense notification that his beneficiaries claimed due to death from accident. The immediate notice which the policy required, is notice of an accident which it is claimed has given rise to liability for the death benefit. This notice on October 25th was too late, even if not otherwise deficient in failing to mention anything about the nature of the accident.

For this reason, and without regard to whether recovery is barred by appellant's inability to conduct an autopsy by its own examining physician, the

order appealed from should be reversed and summary judgment should be granted to appellant dismissing the complaint, with costs, and with costs and disbursements of this appeal.

Dore, J. P., Cohn, Callahan and Breitel, JJ., concur in decision; Van Voorhis, J., dissents and votes to reverse, in opinion.

Order affirmed, with $20 costs and disbursements to the respondent. [See 281 App. Div. 658.]