■ MARY C. BLAND, Respondent, v. ALVIN P. TREVVETT, as Treasurer of the Commercial Travelers Mutual Accident Association, Appellant.— Order unanimously reversed, without costs of this appeal to either party, and motion granted, without costs. Memorandum: Respondent brought this action upon a policy issued by appellant Association to recover for the accidental death of her husband. Appellant moved for summary judgment under rule 113 of the Rules of Civil Practice on the ground that the proof of loss was not furnished until five and one-half months after the expiration of the 90-day period provided for in the policy. Respondent in her opposition to the motion contended that because the policy required "affirmative proof of loss" (Standard Provisions of Policy, par. 7) the delay in furnishing it was necessitated by the inability to secure a statement from a passenger in the automobile at the time of the accident who had been hospitalized by reason of serious injuries. Respondent further urged that defendant was estopped to deny that the proof of loss was timely furnished for she had co-operated fully with an agent of appellant shortly after the accident and had given him full details and a copy of her attorney's file. Special Term denied the motion on the ground that the amendment to section 164 (subd. 3, par. [A] [7]) of the Insurance Law provided "that failure to furnish proofs of loss within 90 days should not invalidate the claim if it was not reasonably possible to give proof within such time, provided that such proof is furnished as soon as reasonably possible". Regrettably for this respondent this quoted portion from Special Term's memorandum did not become effective until July 1, 1951. The policy upon which this action is based was issued May 26, 1951 and provided unequivocally that "Affirmative proof of loss must be furnished to the Association * * * within ninety days after the date of such loss." This made the ameliorative provisions of amended section 164 (L. 1951, ch. 630), giving claimants an extension of the 90 days "if it was not reasonably possible to give proof within such time" unavailable to respondent. "However, the law of the State requires the standard provisions to be included in such policies, and one of these provisions is that which says that the proof of loss must be furnished within ninety days after the loss occurs. (*Maryland Casualty Co.* v. *Massey,* 38 Fed. Rep. [2d] 724.)" (*MacKay* v. *Metropolitan Life Ins. Co.*, 281 N. Y. 42, 47; also, see, *Wachtel* v. *Equitable Life Assur. Soc.*, 266 N. Y. 345.) The record further indicates that respondent retained an attorney immediately after the accident and no valid reason is shown why the proof of loss could not have been furnished within the 90-day period. The witness' statement, which was the reason advanced for the delay, added nothing to the "affirmative" nature of the proof of loss and simply confirmed the fact of death, which no one controverted. Neither the doctrine of estoppel nor the public policy of liberal construction can be invoked in support of respondent's position. The failure to comply with the policy and the statute controlling it require a dismissal of the complaint. (Appeal from order of Erie Special Term denying defendant's motion for summary judgment.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio.