RUTH SAPERSTEIN, Appellant, *v.* COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION, Respondent.

Third Department, November 15, 1973.

*Kooperman & Kooperman* (*Joseph Kooperman* of counsel), for appellant.

*Weiss & Costa* (*Lawrence E. Lagarenne* of counsel), for respondent.

Greenblott, J. This is an appeal (1) from an order of the Supreme Court at Special Term, entered January 19, 1972 in Sullivan County, which granted a motion by defendant for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

The insured Ben Saperstein died on March 3, 1968 following a one-car accident on an allegedly icy road. The police report and the coroner's report indicated a broken neck as the cause of death, and burial occurred on March 5. The defendant Commercial Travelers Mutual Accident Association had issued a policy of insurance in the amount of $15,000 against, *inter alia,* loss of life " caused directly by and due solely to accidental bodily injuries sustained * * * independently of disease, bodily infirmity or any other cause ". The defendant was notified of the death on March 12, and on April 10, plaintiff herein, the wife and beneficiary, filed a claim on the ground that death was due to accidental bodily injuries.

The policy gave to the defendant " the right and opportunity * * * to make an autopsy in case of death where it is not forbidden by law." Pursuant to this clause, the defendant, on April 11, 1968, served upon plaintiff a demand for an autopsy " in order accurately to determine the cause or causes of his death." This demand was apparently made because an investigation undertaken by defendant after notification of death revealed that approximately three months prior to the issuance of the policy in 1961, the decedent had been hospitalized for four days with precordial pain and had been discharged with a diagnosis of hypertension. These facts had not been disclosed in the application for the policy. Plaintiff refused to allow an

autopsy, whereupon defendant denied liability and offered to return all premiums which had been paid.

Plaintiff commenced this action to recover the face value of the policy, and defendant in its answer set up three affirmative defenses: (1) the defendant had an absolute right to an autopsy as a condition precedent to liability; (2) that the policy was fraudulently procured as the result of material misstatements by the insured; (3) that the policy had been rescinded. The latter two defenses raised factual questions which could not be resolved on a motion for summary judgment. However, Special Term held that the demand for an autopsy was reasonable under the circumstances and that the refusal to comply with the demand barred recovery under the policy.

We disagree. In *Wehle* v. *United States Mut. Acc. Assn.* (153 N. Y. 116, 123), the Court of Appeals set forth the applicable rule in cases such as this, stating that: " if it should appear in any case that at some subsequent date, after the interment of the body, circumstances or facts coming to the knowledge of the insurer warranted a reasonable belief that death was occasioned by means or causes excepted from the contract of insurance, a reasonable construction of this provision would authorize the insurer to insist upon an exhumation of the body and [an autopsy] ". Thus, under New York law, a post-interment autopsy to which there is no consent by the beneficiaries is " forbidden by law " unless the insurer can demonstrate a basis for a *reasonable belief* that death was caused other than by the risks insured against. A mere hope based on speculation is unreasonable as a basis for disturbing the repose of the departed.

The cases relied upon by Special Term, all of which also involved insurance against accidental death, do not, in our view, stand for a different rule. In *Gould* v. *Travelers Ins. Co.* (244 App. Div. 274, affd. 270 N. Y. 584), the beneficiaries had first claimed that death had resulted from " probable cancer of the intestines ", and there was no proof giving rise to even an inference of accident. On the facts, it was unreasonable, when a claim was later made under an accident policy, for the beneficiaries to have refused to allow an autopsy. In *Dvorkin* v. *Commercial Travelers Mut. Acc. Assn. of Amer.* (258 App. Div. 501, affd. 283 N. Y. 629), the doctor who was present at death had stated on the death cerificate that coronary occlusion and angina pectoris had contributed to death, and it was conceded that the accident which decedent had suffered was not enough by itself to cause death. Thus, there was basis for a *reasonable belief,* as opposed to mere speculation, that death resulted

other than as a result of accident. Although finding that upon the evidence in that case the demand for an autopsy was not unreasonable as a matter of law, the court nevertheless indicated that the reasonableness of the demand was " to be decided as an issue of fact " (258 App. Div. 501, 503).* Here, on the other hand, the evidence of a deadly accident resulting from external causes (ice on the road) was quite considerable. In contravention thereto, the defendant offers the mere fact of a hospitalization seven years earlier. There was no evidence presented on the summary judgment motion, medical or otherwise, that the 1961 condition was diagnosed at the time as permanent, or that the decedent suffered or might have been subject to any of its manifestations at any time thereafter. " There was no evidence whatsoever to indicate that [the insured] was afflicted by any disease at the time of the accident " (*McCulloch* v. *Mutual Life Ins. Co. of N. Y.*, 109 F. 2d 866, 870).

This is not to say, of course, that proof could not be presented at trial upon which a factual finding could be made that under all the circumstances the autopsy request was based upon a reasonable belief that something pertinent to the rights of the parties would be revealed. Upon the present state of the record, however, the defendant, and consequently the trial court, could do no more than " hope that in the course of the investigation something [would have been] revealed that will relieve it from * * * liability " (*McCulloch* v. *Mutual Life Ins. Co. of N. Y., supra,* p. 871). To release the defendant from liability on the basis of such speculation was error.

The order and judgment should be reversed, on the law, and the motion denied, with costs.

Cooke, J. (concurring). There is no issue here as to whether the autopsy, under the terms of the policy, was " forbidden by law ", since decedent by expressly agreeing to be bound by said terms gave his consent to the autopsy (see *Wehle* v. *United States Mut. Acc. Assn.,* 153 N. Y. 116, 122). Having given same, a postmortem examination as such was not forbidden by law in New York State (cf. Public Health Law, § 4210-a; see 14 N. Y. Jur., Dead Bodies, § 17).

---

* Special Term also relied upon *Titus* v. *Travelers Ins. Co.* (268 App. Div. 802). The Second Department there held that failure to comply with an autopsy clause was a bar to recovery but did not in its memorandum opinion set forth the underlying facts, and relied on *Dvorkin* and *Gould.* Moreover, it was also stated that recovery was equally barred by noncompliance with unrelated provisions in the policy. We therefore do not regard *Titus* as authority for the proposition that the refusal to allow an autopsy is an absolute bar to recovery, and we do not believe that such is the law,

The demand for the autopsy was timely made. The delay of approximately one month from the notice of death to the request for said procedure was immaterial (*Gould* v. *Travelers Ins. Co.*, 244 App. Div. 274, 281, affd. 270 N. Y. 584) since, under all the circumstances, it was not excessive (see *Bernstein* v. *Metropolitan Life Ins. Co.*, 142 Misc. 516, 517, affd. 239 App. Div. 882). However, because of the proof of insured's 1961 hospitalization, his precordial pain and the diagnosis of hypertension upon his discharge, there is a question of fact whether defendant's demand for the autopsy, made after interment, was reasonable (*Dvorkin* v. *Commercial Travelers Mut. Acc. Assn. of Amer.*, 258 App. Div. 501, 503, affd. 283 N. Y. 629; *McCulloch* v. *Mutual Life Ins. Co. of N. Y.*, 109 F. 2d 866, 869). Whether there was a reasonable certainty that an examination of the body would have revealed something bearing on the rights of the parties, which could not otherwise have been discovered, should be decided upon a trial.

STALEY, JR., J. (dissenting). The policy of insurance issued by defendant contained the following clause: '' The Association at its own expense shall have the right and opportunity to examine the person of the member when and as often as it may reasonably require during the pendency of a claim hereunder and to make an autopsy in case of death where it is not forbidden by law.''

On March 3, 1968 the insured was involved in a one-car accident and died. In the Acting Coroner's report and again in the police accident report, the cause of death was stated to be a broken neck. The insured was buried on March 5, 1968, and on March 12, defendant was notified of his death. Subsequently, on April 10, 1968 plaintiff, as widow of the insured and beneficiary named in the policy of insurance, submitted a proof of loss form to defendant claiming that the insured's death was solely the result of accidental body injuries. On April 11, 1968 defendant served a demand for an autopsy of the insured which demand was denied by plaintiff whereupon defendant denied liability.

Plaintiff thereafter commenced the action to recover the face value of the policy and, serving its answer, defendant moved for summary judgment which was granted. Special Term, holding that the demand for an autopsy was reasonable, found that the refusal to comply with the demand barred recovery under the policy.

In support of its motion for summary judgment, defendant sets forth that the decedent, in 1961, was hospitalized for hyper-

tension, and that the radiological report at that time indicated that his heart was hypertensive in outline and that he was admitted to the hospital because of precordial pain. In view of this medical history, defendant made its demand for an autopsy.

It has frequently been held that the contract provision made by the insured during his lifetime permitting the insurance company the right to examine the body and make an autopsy in the event of a claim based on accidental death is a condition precedent to recovery under the policy.

In *Titus* v. *Travelers Ins. Co.* (268 App. Div. 802), the insured died on February 10, 1943. The insurance company was not notified until June, 1943 and on July 2, 1943, the company made its demand for an autopsy which the beneficiary refused. The Appellate Division, reversing Special Term and granting summary judgment in favor of the company, held that '' The failure of plaintiff to comply with the condition precedent, in that she refused to allow the autopsy, bars any recovery under the policy. (*Dvorkin* v. *Commercial Travelers Mut. Accident Assn.*, 258 App. Div. 501, affd. 283 N. Y. 629; *Gould* v. *Travelers Insurance Co.*, 244 App. Div. 274, affd. 270 N. Y. 584.) ''

The case of *Wehle* v. *United States Mut. Acc. Assn.* (153 N. Y. 116, 123) relied upon by plaintiff is clearly distinguishable since in that case an opportunity was afforded the insurance company to examine the body of the insured before interment, and the court held that it was '' an unreasonable delay on the part of the insurer to wait until after the body of the deceased was interred, and nothing appears in the evidence to show any excuse for it, if it was deemed that an examination of the body was necessary.''

Here, the period from the date of interment to date of demand was not unreasonable, and the judgment should be affirmed.

SWEENEY and KANE, JJ., concur with GREENBLOTT, J.; COOKE, J., concurs in the result in a separate opinion; STALEY, JR., J., dissents and votes to affirm in an opinion.

Order and judgment reversed, on the law, and motion denied, with costs.