■ In the Matter of MARTIN MENACK, an Attorney. — Petition granted only insofar as to: direct respondent to turn over to petitioner the original of a certain will; to suspend respondent from practice effective from the date of this court's order and until the further order of this court; to authorize and direct petitioner to take possession of and inventory respondent's files pertaining to clients and report as expeditiously as possible concerning progress of the same; and pending resolution of the matters before petitioner, the balance of the petition is held in abeyance. Concur — Sullivan, J. P., Markewich, Bloom, Fein and Asch, JJ.

■ 20 EAST 42ND STREET REALTY COMPANY v FRANK COLANGELO et al. — Motion for leave to reargue a prior order of this court granted to the extent of amending the last sentence of said order to read: "The present bond is sufficient to cover fully both the judgment entered November 6, 1978 and the order and judgment entered November 24, 1981." Concur — Sullivan, J. P., Carro, Silverman, Bloom and Asch, JJ.

# SECOND DEPARTMENT, MAY, 1982

## (May 3, 1982)

■ ROBERT ABRAMS, Appellant, v STANDARD SECURITY LIFE INSURANCE COMPANY OF NEW YORK, Respondent. — In an action to recover benefits under a medical disability insurance policy, plaintiff appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated January 13, 1981, which, following a trial on the issue of timely notice, dismissed the complaint. Judgment affirmed, without costs or disbursements. Appellant's delay of approximately one year in providing respondent with notice of his medical disability claim was a violation of the terms of the policy in issue and bars his right of recovery (see *MacKay v Metropolitan Life Ins. Co.,* 281 NY 42; *Whiteside v North Amer. Acc. Ins. Co. of Chicago,* 200 NY 320; *Walterman v Mutual Benefit Health & Acc. Assn.,* 260 App Div 478). Nor is there any basis in the record that serves to bar respondent from disclaiming liability on this ground. Damiani, J. P., Lazer, Mangano and Gulotta, JJ., concur.